JAMES SORLEY *and others v.* HENRY C. BREWER *and others.*

The master of a vessel has a lien upon the freight and earnings of the vessel
for the voyage, for advances and personal responsibilities necessarily made
or incurred by him, during the voyage, for the safety of the vessel, and the
successful prosecution of the voyage; and this lien is assignable.

A suit against a vessel in the United States Court for advances, is no defence
to an action upon the lien of the master of the vessel on the freight, unless
the plaintiffs had such lien at the time of the commencement of the action
*in rem.*

Where the plaintiff had made advances for the benefit of a vessel, and had
taken an assignment of the master's lien on the freight therefor, and the
owners of the vessel were insolvent,—*Held,* a proper case for an injunction,
and the appointment of a receiver to collect such freight, notwithstanding
the allegations of the answer and affidavits showed that the defendant had
chartered the vessel from the owner for such voyage.

THE object of this action was to recc      . . .
made by the plaintiffs for the benefit  . . . . . . . .
The complaint and the affidavits set  . . . . . the b. .
Conroy arrived at the port of Galvest. . . . ., in a . . . .
condition, and that the plaintiffs, to er . . . to continue . .
voyage, made advances to repair he . . . certain neces-
sary charges for the handling of fre . . ., with the under-
standing with the master, that the  . . . be subrogated to
the lien of the master. The mast . . . .intiffs agreed to
consign the vessel to the defenda . . . their accepting a
draft drawn by the master, to reim . . . . The defendants
did not accept the draft, and the ma . . . reupon declined to
consign the vessel. It was furthe . . . that the master
being liable, assigned to the plain . . . en on the freight
for such advances, but that the . . . s had refused to
allow the plaintiffs to collect . . . t, and under an
alleged charter party from the . . . imed, and were en-
deavoring to collect the freight. . . . ntiffs claimed that

such charter party was void as against them, and prayed for a judgment for the freight actually collected by the defendants, and for an injunction and receiver to collect such freight. It also appeared by affidavit, that the owners of the barque were insolvent.

A libel had been previously filed against the barque, in the United States District Court.

The defendants, by their answer, set up that the advances were made on the credit of the owner of the vessel, and not on the credit of the vessel ; that the draft was drawn without authority ; that the plaintiffs and the master knew of this charter party, and they denied the agreement with the master, charged in the complaint. They averred a violation of the master's agreement under the charter party, and denied that anything was due the master of the barque. They set up the defendants' charter party with its attendant circumstances, and their right to collect the freight under it. They further set up the libel in the United States District Court, against the barque, and an interlocutory decree in the proceedings thereunder, in fed of the plaintiff.

The following opinion was given at Special Term.

HILTON, J.—It appears that the barque Conroy, commanded by Abner Cornell, master, arrived at Galveston, Texas, on her voyage from New York, in a disabled condition, needing repairs and supplies ; and requiring money wherewith to pay charges on cotton for transportation from the interior to the coast, and which payment was necessary to enable her to obtain such cotton as freight.

The plaintiffs were merchants at Galveston, and on the application of the master, made the necessary advances for those purposes, by means of which the vessel obtained freight upon her homeward voyage to New York, amounting to $2,130.

The amount thus advanced by the plaintiffs was $3,971 43, about $1,000 of which was applied in the payment of the charges upon the cotton which was obtained by the barque for freight.

After the arrival of the barque at this port, and by writing dated April 8th, 1859, the captain assigned and transferred to

Sorley v. Brewer.

the plaintiffs all the freight, money and earnings of the vessel upon the voyage, and all lien and interest which he as such master had hereto, for or on account of such advances, or of his liability therefor, as collateral security for the repayment to the plaintiffs of the sums thus advanced by them.

The owners of the vessel being insolvent, the plaintiffs aver that they will lose their advances unless they can be protected by a lien on the freight for the advances so made to the captain to enable him to obtain it, and as a Court of Equity, we are asked to enforce this lien thus acquired through the captain, for the benefit of the plaintiffs, by appointing a receiver to collect the freight, and restraining the defendants from interfering with it.

In opposition to this claim, the defendants insist that they are solely entitled to the freight carried by virtue of a charter party, dated December 10, 1858, entered into between them and the owner of the barque, by which the vessel was chartered to them for the voyage in question.

Under this charter party the defendants were collecting the freight, when this action was commenced, and an injunction against their further interference with it was granted.

The plaintiffs now ask that this restraint be continued during the pending of this litigation, and that a receiver be appointed to collect the freight earned upon the voyage in question.

On the argument of this motion many other facts of a minor character were presented, and many questions discussed, which I do not intend to refer to at this stage of the action, desiring that the parties at the trial may not be embarrassed by any view which might now be taken respecting them, and believing that the present application should be disposed of on the facts here narrated.

Nor is it material that the second defence set up in the defendants' answer should be passed upon further than to remark that it does not appear that at the time of filing the libel in the District Court by the plaintiffs, against the vessel *in rem*, claiming a lien for the same moneys which are, in this action, attempted to be collected as a lien upon the freight, that the defendants possessed, by assignment from the captain, his lien,

6

Sorley v. Brewer.

as master of the vessel, for indemnity for the personal responsibility incurred by him as such master in a foreign port.

It therefore cannot be said that the plaintiffs might have enforced the lien, now claimed in that proceeding, because it is not shown that they possessed any claim to it when that proceeding was instituted.

That the master had a lien upon the freight and earnings of the vessel for the voyage, in respect to his advances and personal responsibilities necessarily made or incurred by him while at Galveston, for the safety of the vessel and the successful prosecution of her homeward voyage, I think cannot be doubted. *Van Bokkelin* v. *Ingersoll*, 7 Cow. 670; S. C. 5 Wend. 315; *Lewis* v. *Hascock*, 11 Mass. 72; *Ship Packet*, 3 Mason, 255; 3 Kent, 167, *note* 2; *Parson's Mercantile Law*, 381. And this lien thus given by law is capable of being assigned by him so as to vest in the assignee the same rights which he possessed by reason of it. *Jewett* v. *Coffin*, 20 Wend. 603; *Judah* v. *Kemp*, 2 John. Cases, 418.

The plaintiffs, therefore, occupy the same position before the Court as the captain or master, and in an action against parties claiming to collect the freight under *color of right* acquired through a charter party, made with the owner of the vessel, an injunction is sought pending a litigation in which the rights of the respective claimants are to be determined.

I think the circumstances shown are such as justify me in granting the motion.

It cannot be that a master's lien thus acquired can be divested by the owner of the vessel, by any means short of actual satisfaction by payment, and to so hold, would be in effect, declaring a lien to exist which at any moment might be evaded at the will of the owner.

The injunction will, therefore, be continued, and a receiver appointed.

From this decision the defendants appealed to the General Term of this Court.

*Jeremiah Larroque*, for the appellants.

*Martin & Smiths*, for the respondents.

Butt v. Peck.

By the Court.—Brady, J.—It is unnecessary to state anything in addition to the reasons assigned by Judge Hilton, at special term. The lien of the master being unquestionable on authority, the injunction was properly continued. The defendants are mistaken in supposing that by granting the injunction against the defendants, the plaintiffs are at liberty to collect the freight money at leisure. The order provides for the appointment of a receiver to collect, and according to well-settled rules, the receiver must hold the fund collected subject to the order of the Court.

The order at special term should be affirmed, with $10 costs.